IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

IN RE:

MARY SUE ROBERTS,

              Debtor.

MARY SUE ROBERTS,

              Plaintiff,

v.                                        CIVIL ACTION NO. 5:14-mc-00157

JAY A. ROBERTS and
ASHLEY ROBERTS MCNAMARA,

              Defendants.

FILED IN CHARLESTON
U.S. BANKRUPTCY COURT
FEB 25 2015
SOUTHERN DISTRICT
WEST VIRGINIA

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendants' *Motion to Withdraw the Reference* (Document 1), the *Debtor's Response to Movants' Motion to Withdraw the Reference of this Adversary Proceeding to the Bankruptcy Court Pursuant to 11 U.S.C. 157(d)* (Document 2), and the Defendants *Jay A. Roberts and Ashley Roberts McNamara, as Trustees of the Della I. Roberts Trust's, Reply in Support of Motion to Withdraw the Reference* (Document 3), together with attachments. After careful consideration, and for the reasons stated herein, the Court finds that the Defendants' motion should be granted.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff/Debtor Mary Sue Roberts initiated the instant adversary proceeding on August 26, 2014, in the Bankruptcy Court for the Southern District of West Virginia. (5:14-ap-5016;

Document 1.)[1] This Court previously heard a dispute between Debtor Mary Sue Roberts and Defendants Jay A. Roberts and Ashley Roberts McNamara in Civil Action No. 5:13-12569. That dispute centered on the Della I. Roberts Trust and certain assets held therein. The Court found that it lacked jurisdiction to hear the matter because the Trust was properly administered in Colorado, and a Colorado court had already begun adjudicating certain aspects of the dispute.

By way of brief background, the Della I. Roberts Trust was formed in Colorado in 1996. James Roberts, the late husband of Mary Sue Roberts and father of Jay Roberts and Ashley Roberts McNamara, was the Trustee. James and Mary Sue Roberts were beneficiaries, as were their three children, Jay Roberts, Ashley Roberts McNamara, and Andrew Roberts. James Roberts died in 2012. It became clear after his death that he had mismanaged the Trust, making withdrawals for personal expenses, depositing unrelated funds, and failing to comply with many terms of the Trust. Jay Roberts, Ashley Roberts McNamara, and Andrew Roberts removed Mary Sue Roberts as Trustee, and Jay Roberts and Ashley Roberts McNamara were named as Trustees.

The present adversary proceeding initiated by the Plaintiff/Debtor asserts that the Defendants, in their capacity as Trustees of the Della I. Roberts Trust, proposed an inequitable division of trust assets. In particular, the Plaintiff contests the treatment of (a) $392,057.86 she inherited from her mother, placed in the Trust by her late husband, (b) monies from the Varner Trust,[2] placed in the Trust by her late husband, and (c) her residence in Greenbrier County, which her late husband placed in the Trust for a period of time. She expresses concern that "the

---

[1] Neither party attached the *Complaint* in the adversary proceeding to the subject motion to withdraw the reference. Because it is apparent from the parties' arguments that they anticipated that the Court would review the materials in the adversary proceeding, the Court has considered the complaint as well as those documents filed in the "miscellaneous" case created by filing a motion to withdraw the reference.

[2] The Varner Trust was a separate Trust over which James Roberts was Trustee. It left funds to James and Mary Sue Roberts.

2

substitute Trustees are claiming that [money owed to the Trust as a result of her late husband's mismanagement] should be held as a constructive trust against Mary Sue Roberts' real property in West Virginia." (5:14-ap-5016, Document 2 at 7.) She points out that applying the funds from the Varner Trust differently could result in a positive balance, eliminating any debt owed to the Trust. (*Id.* at 9.) Finally, the Plaintiff "contests the award of attorney fees and costs to Defendants by the Colorado Court." (*Id.*)

## II. APPLICABLE LAW

"Congress has divided bankruptcy proceedings into three categories: those that "aris[e] under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." *Stern v. Marshall*, 131 S. Ct. 2594, 2605 (2011)(citing 28 U.S.C. § 157(a)). The United States District Court for the Southern District of West Virginia's local rules declare that "all proceedings arising under Title 11 or arising in or related to a case under Title 11, are referred to the Bankruptcy Court for disposition." L.R. Civ. P. 83.13 (citing 28 U.S.C. § 157(a)). The Court may, however, withdraw a reference "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Six relevant factors courts in the Fourth Circuit examine when determining whether to withdraw a reference for cause include:

> (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial.

*In re U.S. Airways Group, Inc.*, 296 B.R. 673, 682 (E. D. Va. 2003).

While not dispositive, "the first factor – whether the matter is core or non-core – generally is afforded more weight than the others." *In re O'Brien*, 414 B.R. 92, 98 (S. D. W. Va. 2009) (Johnston, J.). The Court also notes that "[s]imply because the proceeding presents questions of

3

state law does not necessarily mean that the proceeding is non-core or otherwise beyond the jurisdiction of the bankruptcy courts." *Blackshire v. Litton Loan Servicing, L.P.*, 2009 WL 426130 *2 (S. D.W. Va. 2009) (Goodwin, C. J.) (not reported). Instead, to distinguish a core proceeding from a non-core one, courts should evaluate whether:

> (1) the claims are specifically identified as core proceedings under 28 U.S.C. § 157(b)(2).; (2) the claims existed prior to the filing of the bankruptcy case; (3) the claims are based entirely on state law or otherwise existed independently from title 11; and (4) the parties' rights or obligations are significantly affected by the outcome of the bankruptcy proceedings.

*Id.*

### III. DISCUSSION

The Defendants assert that "the Adversary Proceeding brought by the Debtor is an attempt to forum shop and relitigate issues concerning the Trust." (Mot. to Withdraw Ref. at ¶ 4.) They assert that it is a non-core proceeding based on state-law claims that existed prior to the bankruptcy. (*Id.* at ¶¶ 9–11.) They further note that this Court "has already heard the arguments advanced in the Adversary Proceeding." (*Id.* at ¶ 13.)

The Plaintiff contends that this is a core proceeding "due to the Movants seeking a 'constructive trust' over the only real asset the estate has, real property." (Resp. at ¶ 12.) She emphasizes that her bankruptcy was naturally filed where she lives and where her assets are, not in any attempt to forum shop.

In reply, the Defendants again state that the adversary proceeding is simply "an attempt to relitigate the administration of the Della I. Roberts Trust," a matter that this Court already found is beyond its jurisdiction. (Reply at 1.) Contrary to the Plaintiff's argument that this adversary proceeding is necessary to ensure equitable division of her assets, the Defendants assert that the

4

main bankruptcy case will fulfill that goal. Indeed, they argue that "the Adversary Proceeding serves no purpose that is not currently being achieved in the Colorado Case or in the main bankruptcy case." (*Id.* at 3.) The Defendants stress that even if the adversary proceeding were core, "the unique procedural history of the litigation between the parties supports a withdrawal of the reference." (*Id.* at 6.)

The Court finds that the adversary proceeding is non-core, and that the reference should be withdrawn. Though the Plaintiff is correct that bankruptcy court is the proper forum for determining whether a debtor's assets are held in constructive trust, this adversary proceeding is not an attempt to place assets in a constructive trust. *See, e.g.*, *In re Johnson*, 960 F.2d 396, 401-02 (4th Cir. 1992); *In re O'Brien*, 414 B.R. 92, 100 (S.D.W. Va. 2009) (Johnston, J.). This proceeding is an attempt to alter the Colorado Court's findings with respect to the Della I. Roberts Trust.

As such, the claims (1) are not identified as core under 28 U.S.C. § 157(b)(2); (2) existed prior to the filing of the bankruptcy; (3) are based entirely on state law and existed independently from title 11; and (4) the parties' rights and obligations are impacted by the bankruptcy only to the extent that the Plaintiff's ability to make good any shortfall in the Trust assets will be determined in bankruptcy court. However, the claims in the adversary proceeding do not relate to the division of estate assets, but instead, attempt to re-open adverse determinations by another court, in another state, about a Trust over which this Court lacks jurisdiction.

In addition to finding the proceeding non-core, the Court finds that withdrawing the reference will not threaten the uniform administration of bankruptcy law. Because this Court handled the Plaintiff's previous attempt to have the Colorado Court's decisions reviewed (and

5

reversed) in federal court, withdrawal of the reference will be more efficient for both the judiciary and the parties. As noted, the Plaintiff initiated a similar action in this Court prior to her bankruptcy, attempting to avoid proper jurisdiction in Colorado. Denying her the opportunity to have essentially the same claims considered by the bankruptcy court in an adversary proceeding serves to prevent forum shopping. Accordingly, all relevant factors suggest withdrawal of the reference is appropriate in this matter.

## CONCLUSION

Wherefore, following careful consideration and for the reasons stated herein, the Court **ORDERS** that the *Motion to Withdraw the Reference* (Document 1) be **GRANTED** and that the reference of Adversary Proceeding No. 5:14-AP-05016 in the Mary Sue Roberts Chapter 13 case, U.S. Bankruptcy Court Case No. 5:14-bk-50147, be **WITHDRAWN**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to The Honorable Ronald Pearson, United States Bankruptcy Court for the Southern District of West Virginia, to counsel of record, and to any unrepresented party.

ENTER: February 24, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

A TRUE COPY CERTIFIED ON 2/24/2015 [Date]
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia
By s/ Richmond, Deputy